UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW WARDER,

    Plaintiff,

v.                                                      Case No:  8:11-cv-291-T-30TBM

MATTHEW KRAMP, et al.,

    Defendants.
_____/

# ORDER

    THIS CAUSE comes before the Court upon a sua sponte review of Plaintiff's amended complaint (Doc. 12).  On February 11, 2011, Plaintiff filed a civil rights complaint alleging various constitutional violations relating to the pretrial proceedings in his state criminal case arising from charges for DUI on December 28, 2007.  (Doc. 1).  Specifically, Plaintiff filed claims against approximately thirty defendants, including law enforcement officers, medical providers, fire rescue employees, assistant state attorneys, and various other individuals, alleging that defendants (1) conspired to falsely charge him with DUI, (2) illegally searched his medical records, (3) destroyed and withheld exculpatory evidence; (4) presented false evidence, and (5) maliciously prosecuted him.  (Doc. 1).

    On April 25, 2011, this case was stayed and administratively closed pending resolution of the applicable Florida criminal proceedings against Plaintiff that were the

subject of Plaintiff's original complaint. (Doc. 4). During the pendency of the stay, the Court permitted Plaintiff to file an amended complaint. (Docs. 12, 17). Following a status report informing the Court that the criminal proceedings against Plaintiff were dismissed in state court, the Court reopened Plaintiff's case on July 18, 2014, and instructed Plaintiff to effectuate service of a summons and the amended complaint upon each defendant against whom Plaintiff wished to proceed in the lawsuit. (Doc. 24).

Because Plaintiff seeks redress from governmental employees and entities, the Court has undertaken the mandatory screening of his amended complaint pursuant to 28 U.S.C. § 1915A. Section 1915A provides, in pertinent part:

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b)(1)-(2). The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte. For the reasons that follow, the Court finds that Plaintiff's amended complaint should be dismissed without prejudice with leave to amend pursuant to § 1915A.

## **DISCUSSION**

In addition to the claims raised in Plaintiff's original complaint, Plaintiff's amended complaint raises several additional claims against several different defendants arising from incidents unrelated to the DUI charge that forms the basis of Plaintiff's original complaint. For example, Plaintiff appears to raise claims for malicious prosecution, false arrest, and

violation of his First and Fourth Amendment rights against two law enforcement officers for arresting and detaining Plaintiff for refusing to give his name while filing a public information request. (Doc. 12 at 17-18, 24-26, 28-29). Additionally, Plaintiff appears to raise a claim of ineffective assistance of counsel and legal malpractice against his trial counsel. (*Id.* at 26-27, 39-40). Plaintiff further alleges claims for medical malpractice, defamation, and battery. (*Id.* at 35-39).

Pleadings drafted by laymen are to be liberally construed and interpreted using application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his or her claim in the complaint; rather the plaintiff must allege sufficient facts in the complaint which, when viewed in the light most favorable to the plaintiff, support the conclusion that the plaintiff may be entitled to the relief sought. Although pro se pleadings are construed more leniently, "leniency does not give a court license to serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

It appears that several of the allegations raised in Plaintiff's amended complaint concern incidents unrelated to the DUI arrest and proceedings underlying his original complaint and involve different defendants. In fact, Plaintiff raises sixteen causes of

action, none of which pertain to all defendants. Rather Plaintiff asserts piecemeal causes of action against varying groups of defendants. Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Additionally, Federal Rule of Civil Procedure 20(a) provides that persons may be joined as defendants in a single action if there "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Generally,

> multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to [three] the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff's complaint contains misjoined parties and claims. Consequently, within thirty (30) days, Plaintiff may submit a second amended complaint raising claims solely related to the DUI charge and proceedings as raised in Plaintiff's original complaint. The Clerk will mail Plaintiff a court-approved form to use for filing the second amended

4

complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss the action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original or amended complaints by reference. **The second amended complaint supersedes the original and amended complaints; thus, Plaintiff must raise all claims in the second amended complaint.**

Plaintiff must limit the allegations in his second amended complaint to his claims related to his DUI arrest and proceedings as asserted in his original complaint and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including the specific dates of, and facts regarding, the alleged illegal acts.

Accordingly, it is therefore **ORDERED** that:

1. This action shall proceed only as to claims related to Plaintiff's DUI arrest and proceedings.

2. Plaintiff's amended complaint (Doc. 12) is DISMISSED without prejudice. Within thirty (30) days from the date of this Order, Plaintiff may file a second amended complaint in compliance with this Order.

3. The Clerk is directed to mail Plaintiff a Civil Rights Complaint Form along with a copy of this Order.

4.  If Plaintiff fails to file an amended complaint within thirty (30) days, the Clerk shall, without further notice, dismiss this action.

5.  As a result of this Order, Plaintiff's Motion for Marshal Service and Time Extension (Doc. 30) is DENIED as moot.

DONE AND ORDERED at Tampa, Florida on this 22nd day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2011\11-cv-291 Warner v. Kramp et al.Dismiss with Leave to Amend.docx