**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MATTHEW D. WARDER,

    Plaintiff,

v.                                            Case No: 8:11-cv-291-T-30TBM

MATTHEW KRAMP, et al.

    Defendants.
_____/

## **ORDER**

      Plaintiff initiated this action on February 11, 2011, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). However, Plaintiff's action was stayed pending the conclusion of the Florida criminal proceedings that formed the basis of his complaint. (Doc. 4). Plaintiff filed several status reports informing the Court that the criminal proceedings against him were dismissed and remained inactive. (Docs. 19-23). On July 18, 2014, the Court reopened the case and instructed Plaintiff to serve his amended complaint upon the defendants against whom he wished to proceed. (Doc. 24).

      However, after reviewing the complaint sua sponte pursuant to 18 U.S.C. § 1915A, the Court determined that Plaintiff's complaint contained misjoined parties and claims. (Doc. 32). Accordingly, the Court dismissed Plaintiff's amended complaint without prejudice for him to file a second amended complaint within thirty days that complied with the Federal Rules of Civil Procedure. (*Id.*). Plaintiff filed a notice of appeal as to the

Court's order dismissing his amended complaint, but the Eleventh Circuit dismissed the appeal for lack of jurisdiction. (Docs. 41, 51).

On December 23, 2014, the Court issued an order instructing Plaintiff to file his second amended complaint within fourteen days and informing Plaintiff that failure to comply with the order would result in dismissal of his action without further notice. (Doc. 52). On January 5, 2015, the December 23, 2014 Order was returned to the Court as undeliverable. On January 13, 2015, the Court mailed an additional copy of the order to an alternate address contained in Plaintiff's pleadings. As of February 9, 2015, Plaintiff has failed to file a second amended complaint.

By failing to comply with the Court's orders and neglecting to keep the Court informed of a current address, Plaintiff has failed to prosecute this action which has already been pending for several years. A case cannot be permitted to linger on the Court's docket indefinitely.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's action is DISMISSED without prejudice.

2. The Clerk is directed to terminate all pending motions and close the case.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record